710 F.2d 271
 Fed. Sec. L. Rep. P 99,262
Charles M. SMILLIE, Jr., et al., Plaintiffs-Appellants-Cross-Appellees,
v.
PARK CHEMICAL COMPANY, et al., Defendants-Appellees-Cross-Appellants.
 Nos. 81-1278, 81-1286.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 22, 1983.
Decided June 28, 1983.
Rehearing Denied Aug. 5, 1983.
 
 Howard K. Schwartz (argued), Bassey, Selesko, Couzens & Murphy, Southfield, Mich., for plaintiffs-appellants-cross-appellees.
 Donald E. Young, Mitchell L. Chyette (argued), Detroit, Mich., for defendants-appellees-cross-appellants.
 Before EDWARDS, Chief Judge, CONTIE, Circuit Judge and WEICK, Senior Circuit Judge.
 WEICK, Senior Circuit Judge.
 
 
 1
 The plaintiffs-appellants, Smillie, et al., filed their complaint in the United States District Court for the Eastern District of Michigan, Southern Division, on May 19, 1977, suing individually and derivatively as shareholders of defendant, Park Chemical Company, a corporation, and seeking relief against the corporation and the individual defendants, all of whom were officers and directors of the corporation, for alleged violations of Section 14(a) of the Securities and Exchange Act of 1934, 15 U.S.C. Sec. 78n(a), and applicable SEC rules, in proxy statements issued by the corporation for its annual meetings held in 1973 through 1976.
 
 
 2
 The parties filed motions for summary judgment since the facts were not in dispute. The controversy was a family feud. The district court in a Memorandum Opinion filed on January 16, 1979, held that the six (6) year statute of limitations for fraud applies to alleged violations of Section 14; dismissed the claims regarding the election of directors in 1973 and 1974 because the issue was moot; dismissed the claim that the 1976 proxy statement violated Item 4(a) of Schedule 14A, 17 C.F.R. Sec. 240.14a-101; dismissed the claims of Betty Jean Smillie for 1973, 1974 and 1975 because she did not own stock in those years; found that the proxy statement issued in 1975 and 1976 did not comply with Item 6(a)(5) of Schedule 14A, 17 C.F.R. Sec. 240.14a-101; found the proxy statement issued in 1973 did not comply with Item 11(c) of Schedule 14A, 17 C.F.R. Sec. 240.14a-101; and reserved for trial the issues of materiality and relief.
 
 
 3
 The district court then conducted a bench trial with respect to the 1973 and 1976 solicitations and the rescission of the Stock Option Plan. The court in its opinion found that it would not be appropriate to rescind the Stock Option Plan and that Park's 1976 solicitation did not violate Sec. 14(a). It also found that the 1973 solicitation violated Sec. 14(a), but declined on equitable grounds to grant any relief to the plaintiffs and entered final judgment on November 10, 1980.
 
 
 4
 On November 20, 1980, plaintiffs filed their "Motion To Amend Judgment" in which they prayed "That this Court modify its judgment entered on November 10, 1980, so that the final Judgment entered by this Court in the instant proceeding determines the question of attorney fees allowance to Plaintiffs' counsel", as they had reserved this issue.
 
 
 5
 In article 5 of the motion, plaintiffs' counsel stated:
 
 
 6
 Within fourteen (14) days from the date hereof, Plaintiffs' counsel undertakes to prepare and file with this Court, a Motion for the allowance of attorney fees, together with supporting detail.
 
 
 7
 On December 22, 1980, plaintiffs filed their "Motion For Award of Attorneys' Fees" praying for an allowance of $24,285.95 attorneys fees, plus $638.12 costs, and expert witness fees of $1500, all totaling $26,424.07.
 
 
 8
 On March 23, 1981, the court filed its Memorandum and Order allowing $10,000 attorneys fees plus costs and expenses.
 
 
 9
 On April 23, 1981, the plaintiffs and defendants filed notices of appeal: (1) from the January 16, 1979, partial summary judgment, (2) from the final judgment on the merits entered on November 10, 1980, and (3) from the award of attorneys fees entered on March 23, 1981.
 
 
 10
 Briefs on the issues were filed by the parties.
 
 
 11
 * Jurisdiction of the Court
 
 
 12
 Prior to the oral argument of the appeal, none of the parties questioned the jurisdiction of this court to hear the appeals. During oral argument, jurisdiction was questioned by one of the judges of this court and the parties were directed to file simultaneous briefs within 10 days. Only the plaintiffs-appellants responded.
 
 
 13
 Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires a notice of appeal to be filed within 30 days from the date of the judgment entry or order from which the appeal is taken.
 
 
 14
 There is no question that plaintiffs' and defendants' notices of appeal filed on April 23, 1981, from the March 23, 1981, order allowing attorneys fees and costs were timely.
 
 
 15
 The appeals, however, from the order granting partial summary judgment entered on January 16, 1979, which became final on November 10, 1980, were not timely. Since final judgment was entered on November 10, 1980, and notices of appeal were not filed until April 23, 1981, these appeals were over four months late.
 
 
 16
 The sole question here with respect to jurisdiction of this court to review the appeals on the merits is whether the filing of the plaintiffs' request for attorneys fees within 10 days after the entry of the final judgment on the merits operated to toll the 30 day rule and thereby extend the time for filing the appeals on the merits.
 
 
 17
 In plaintiffs' motion to amend judgment, they sought only to amend it by the allowance of attorneys fees. They did not challenge in any respect the findings of fact, conclusions of law and judgment of the court on the merits. All plaintiffs desired was attorneys fees.
 
 
 18
 Plaintiffs should have appealed from the final judgment on the merits within 30 days after the entry thereof on November 10, 1980. This would not have precluded the plaintiffs from filing a motion for attorneys fees in the district court pursuant to Rule 54.
 
 
 19
 In our opinion, this case is governed by the principles of White v. New Hampshire Dept. of Empl. Sec., 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), which held that Rule 59(e) of the Federal Rules of Civil Procedure is not applicable to postjudgment requests for attorneys fees under 42 U.S.C. Sec. 1988. The White Court deemed attorneys fees not requested as part of damages to be collateral to the merits of an action, and noted:
 
 
 20
 Courts of Appeals for the Fifth, Sixth, and Seventh Circuits have held that postjudgment requests for attorney's fees are not motions to alter or amend a judgment under Rule 59(e), but rather applications for "costs" under Rules 54(d) and 58. See Johnson v. Snyder, 639 F.2d 316, 317 (CA6 1981); Bond v. Stanton, 630 F.2d 1231, 1234 (CA7 1980); Knighton v. Watkins, supra [616 F.2d 795], at 797-798 [ (CA5 1980) ].
 
 
 21
 Id., at 450 n. 9, 102 S.Ct. at 1165 n. 9. The Court concluded, "Application of Rule 59(e) to Sec. 1988 fee requests is neither necessary nor desirable to promote finality, judicial economy, or fairness." Id., at 452, 102 S.Ct. at 1167.
 
 
 22
 We believe this analysis applies to questions of attorneys fees generally, not just to fees requested under Sec. 1988. Other circuits have reached the same conclusion. See, e.g., Comm'rs. of Highways of the Towns of Annawan, et al. v. United States, 684 F.2d 443, 446 n. 3 (7th Cir.1982); Goodman v. Heublein, Inc., 682 F.2d 44, 47 (2d Cir.1982).
 
 
 23
 We also believe the policies underlying the White decision apply to attorneys fees requests filed under Rule 52(b) of the Federal Rules of Civil Procedure. The ten-day rule of Rule 59(e) and Rule 52(b) represents a uniform policy judgment by Congress with respect to the proper balance between the finality of judgments and correction of error in the interests of justice, and should be read in pari materia. See 5A J. Moore & J. Lucas, Moore's Federal Practice p 52.11 to (2d ed. 1982).
 
 
 24
 Finally, we think it immaterial that plaintiffs "reserved" the question of attorneys fees prior to entry of final judgment. In Swanson v. American Consumer Industries, Inc., 517 F.2d 555, 561 (7th Cir.1975), the court held:
 
 
 25
 [A]ttorneys' fees awards are incidental to the main litigation, and thus reservation of the issue of fees does not affect the finality of the decision on the merits of the case. Therefore, when plaintiffs failed to appeal from the judgment of September 4, 1973, they lost their right to a review of the judgment.
 
 
 26
 For the foregoing reasons, we conclude this court lacks jurisdiction to decide the merits of this case because appeals were not timely filed from the final judgment of November 10, 1980.II
 
 Attorneys Fees
 
 27
 Plaintiffs appealed from the award of attorneys fees on the ground that it was insufficient. Defendants appealed on the ground that no award should have been made because plaintiffs failed to establish a Sec. 14(a) violation in 1974, 1975, or 1976, and obtained no relief for the 1973 violation of Sec. 14(a).
 
 
 28
 A litigant who creates a "common fund" or "substantial benefit" allocable with some exactitude to a definite group of persons may acquire an equitable claim against that group for the costs incurred in creating the fund or benefit. Sprague v. Taconic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157 (1882). In Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), the Supreme Court reaffirmed the equitable nature of the "common fund" and "substantial benefit" doctrines and held that, if it is not otherwise inequitable to do so, a court may award attorneys fees under those doctrines when the plaintiff in a derivative action establishes a Sec. 14(a) violation. The Mills Court expressly noted that such an award is proper "[r]egardless of the relief granted" because establishing a Sec. 14(a) violation confers a "substantial benefit" upon the corporation by enforcing a statutory scheme designed to protect shareholders' rights. Mills, supra, at 396, 90 S.Ct. at 627.
 
 
 29
 An award of attorneys fees in this case under the Mills rule is not barred by the holding of Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), that, absent congressional authorization, federal courts may not award attorneys fees to a party because he served as a "private attorney general." The "common fund" and "substantial benefit" doctrines are distinct from the "private attorney general" concept and survive the Alyeska decision. Boeing Co. v. Van Gemert, 444 U.S. 472, 478-79, 100 S.Ct. 745, 749-80, 62 L.Ed.2d 676 (1980); Alyeska, supra, at 257-259, 95 S.Ct. at 1621-22.
 
 
 30
 An award of attorneys fees lies within the sound discretion of the district court. Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir.1974), cert. denied, 422 U.S. 1048, 95 S.Ct. 2666, 45 L.Ed.2d 700 (1975). The factors relevant to determining the reasonableness of an attorneys fees award include:
 
 
 31
 (1) the value of the benefit rendered to the corporation or its stockholders, (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of counsel involved on both sides.
 
 
 32
 Id. A district court may adjust an award up or down from the objective value of legal services rendered in order to reflect the economic benefit conferred upon the corporation or other shareholders. Merola v. Atlantic Richfield Co., 515 F.2d 165, 172 (3d Cir.1975).
 
 
 33
 The district court found that factors two through six, supra, justified an attorneys fees award of $24,000, but reduced the award to $10,000 because that is the monetary value of the benefit plaintiffs obtained for the corporation or other shareholders. We cannot say this award is an abuse of discretion, since plaintiffs obtained no relief but establishing the 1973 violation of Sec. 14(a) is likely to induce defendants to be more careful to follow proper proxy solicitation procedures in the future.
 
 
 34
 The judgment of the district court with respect to attorneys fees is affirmed.