**S.C. BLUMBERG, Plaintiff,**

v.

**Richard J. JACOB, et al., Defendants.**

No. C 3–82–329.

United States District Court,
S.D. Ohio, W.D.

Sept. 18, 1985.

**670**

Denis G. Daly, Vice President, Secretary, and Gen. Counsel, Dayco Corp., Dayton, Ohio, for defendant Dayco Corp.

Sidney Dickstein, Dickstein, Shapiro & Morin, Washington, D.C., for defendant Directors.

Jacob K. Stein, Paxton & Seasongood, Cincinnati, Ohio, for defendant Richard J. Jacob.

Henry S. Ruth, Jeanne A. Smith, Saul, Ewing, Remick & Saul, Philadelphia, Pa.,

Richard D. Greenfield, Donald B. Lewis, Greenfield & Chemicles, Haverford, Pa., for plaintiff.

David S. Greer, Bieser, Greer & Landis, Dayton, Ohio, for defendant Gordon.

## DECISION AND ENTRY AWARDING ATTORNEYS' FEES AND COSTS; DECISION AND ENTRY OVERRULING WITHOUT PREJUDICE MOTION OF PLAINTIFF BLUMBERG FOR ADDITIONAL PAYMENT

RICE, District Judge.

The Court previously approved a settlement in this securities class action, and now, this case is before the Court on the Joint Petition of Plaintiff's Counsel for Fees and Reimbursement of Litigation Expenses (Doc. # 211). Four law firms ("petitioners"), Greenfield & Chimicles; Saul, Ewing, Remick & Saul; Kohn, Milstein, Cohen & Hansfeld; and Sachnoff, Weaver, Rubenstein, Ltd., seek $480,000 in attorneys' fees [1] as compensation for approximately 2,505 hours spent prosecuting claims on behalf of the class herein, at hourly rates of between $35 and $225 per hour. The petitioners seek a combined lodestar of $304,108.[2] They request the Court to apply a multiplier of approximately 1.6 [3] for all hours expended, whether by attorney or paralegal. Additionally, the petitioners seek reimbursement for out of pocket expenses in the sum of $37,841.51. The Defendants have not opposed this motion.[4]

It has long been a part of our jurisprudence that attorneys who recover a common fund for the benefit of persons other than their clients are entitled to reasonable attorneys' fees out of the fund as a whole.

| | |
|---|---|
| (1) Greenfield & Chimicles | $271,157 |
| (2) Saul, Ewing | 32,556 |
| (3) Kohn, Milstein | 200 |
| (4) Sachnoff, Weaver | 195 |

---

**1.** The petitioners have included time spent by paralegals in this case without a separate breakdown of that time.

**2.** The breakdown, by law firm, of this amount is:

**3.** According to the Court's calculations, the multiplier sought is in fact 1.578.

**4.** The settlement of this class action provided that the Defendants would not oppose a fee

*See, e.g., Trustees v. Greenough,* 15 Otto 527, 105 U.S. 527, 26 L.Ed. 1157 (1882); *Central Railroad & Banking Co. v. Pettus,* 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885); *Sprague v. Ticonic Nat. Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Boeing Co. v. Van Gemert,* 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). In the present case, the petitioners, through the prosecution of this lawsuit, helped create a settlement fund which they value at $1,500,000.[5] They seek compensation from this fund based upon their efforts in creating same.

■ The Court agrees that without question the petitioners are entitled to reasonable fees for their efforts. The question for this Court is simply what amount is reasonable. In the Sixth Circuit, the factors for a court to consider in making a reasonable award of attorneys' fees include:

(1) the value of the benefit rendered to the corporation or its stockholders, (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir.1974), *cert. denied,* 422 U.S. 1048, 95 S.Ct. 2666, 45 L.Ed.2d 700 (1975); *See also, Smillie v. Park Chemical Co.,* 710 F.2d 271, 275 (6th Cir.1983). Applying these factors to the present case, this Court concludes, for reasons that follow, that it is reasonable to award compensation to the petitioners for the hours they claim, at the hourly rates they request, *without* applying a multiplier to any amount claimed. Additionally, the Court concludes that the petitioners are entitled

to reimbursement for expenses in the amount they seek.

Courts have traditionally recognized that a multiplier may be applied to either increase or decrease an attorney's lodestar amount to reflect two factors, the quality of the attorney's work and the contingent nature of success. *See, e.g., Lindy Bros. Building, Inc. v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102 (3rd Cir.1976). The quality factor "permits the court to recognize and reward achievements of a particularly resourceful attorney who secures a substantial benefit for his clients with a minimum of time invested, or to reduce the objectively determined fee where the benefit produced does not warrant awarding the full value of the time expended." *Merola v. Atlantic Richfield Co.,* 515 F.2d 165, 168–69 (3d Cir.1975).

Herein, petitioners acquitted themselves in a completely professional manner; however, the petitioners have not demonstrated to this Court that their performance was so resourceful and efficient that they deserve a multiplier based upon the quality of their work. On the contrary, certain factors convince the Court that even though the petitioners took this case on a contingent fee basis, a multiplier is *un*warranted.

Initially, the Court notes that the settlement of this action created a finite, settlement fund of $1,375,000. Attorneys' fees are to be paid from this fund. Thus, every dollar paid to the petitioners will decrease, on a *pro rata* basis, the amount that each injured shareholder will receive. While this is not a sufficient justification to reduce an award of attorneys' fees and costs below an amount that will fully and fairly compensate the petitioners for the time that they have spent in pursuing this litigation and creating the settlement fund, it is a factor to consider in determining whether to apply a multiplier to the amount that will fully and fairly compensate the petitioners for their time. Moreover, the set-

application that did not exceed 35% of the settlement fund.

**5.** The settlement agreement created a fund of $1,375,000 to compensate certain persons who

purchased Dayco securities. To this amount, the petitioners add $125,000 for certain other benefits to the class such as notice and administration of the settlement.

tlement agreement provides that shareholders will receive only a proportionate share of their losses. The Court is not willing to reduce further the proportionate share that each injured shareholder will receive in order to award the petitioner's a bonus above and beyond the lodestar amount which petitioner seeks.

 Additionally, the Court notes that in the memorandum in support of the settlement (Doc. # 210), the petitioners assert that they spent numerous hours attending depositions in Dayco's New York litigation, *Dayco Corp. v. Foreign Transactions Corp.*, 82 Civ. 3354 (S.D.N.Y.). While the Court does not question the wisdom of attending the depositions conducted in Dayco's New York litigation, the Court does question the propriety of compensating attorneys at a rate of up to $225 per hour for doing little more than sitting and listening as another attorney deposes a witness for another lawsuit. Courts have recognized that reasonable hourly rates may differ according to the functions performed by an attorney. *In Re Fine Paper Antitrust Litigation*, 751 F.2d 562, 583 (3d Cir.1984). Certainly, a lesser hourly rate ought to be charged (and awarded) for the act of attending a discovery deposition as opposed to actively deposing a witness, or for instance, arguing a motion.

There is a more fundamental problem with the application for fees presently under consideration. The application fails to inform the Court with sufficient specificity what each lawyer or paralegal did and when he or she did it. Without this specific information, it is difficult for the Court to assess the amount of reasonable compensation to which the petitioners are entitled. For instance, it is difficult for the Court to

ascertain precisely how much time was spent monitoring discovery in other related lawsuits. Additionally, the Court is unable to ascertain whether there was duplication of effort among the petitioners, for instance, whether two attorneys monitored the same deposition.[6] Moreover, because the Court is unable to ascertain from the petitioner's fee application specifically what the petitioners did, it is not possible to determine whether they are entitled to compensation for the hourly rates they claim, up to the rate of $225 per hour.

For the foregoing reasons, the Court concludes that use of a multiplier, merely because these cases were taken on a contingent fee basis, is not warranted herein. Even though this will result in a significant reduction in the amounts sought, the Court is of the opinion that the petitioners will nevertheless be reasonably compensated for their efforts in these cases. Petitioners will receive compensation for every hour they claim at the hourly rates they request, which are more than generous, as well as their out-of-pocket expenses.[7]

Accordingly, this Court hereby makes the following awards of attorneys' fees and costs:

(1) The law firm of Greenfield & Chimicles shall receive $271,157 in attorneys' fees and $35,087.36 in costs;

(2) The law firm of Saul, Ewing, Remick & Saul shall receive $32,556 in attorneys' fees and $2,669.07 in costs;

(3) The law firm of Kohn, Milstein, Cohen & Hansfeld shall receive $200 in attorneys' fees and $35.08 in costs; and

---

6. The Sixth Circuit has recognized that a reduction in the amount of fees requested because of duplication of effort by counsel is proper. *Oliver v. Kalamazoo Bd. of Ed.*, 576 F.2d 714, 715 n. 2 (6th Cir.1978).

7. Computing the award of attorneys' fees in this manner is the most efficient manner for the Court to proceed herein. It obviates the need for a hearing at which the Court could more precisely determine what activities each petitioner performed. Such a determination would allow the Court to value the activities of the petitioners accurately, to assess the amount of duplication and to delineate what hours are not compensable at all. By avoiding such a hearing, scarce judicial resources will be conserved; the petitioner will not be required to spend additional, non-compensable hours pursuing fees to which they have a legitimate right, and there will be no further delay in the awarding of the fees to petitioners.

(4) The law firm of Sachnoff, Weaver, Rubenstein, Ltd., shall receive $195 in attorneys' fees.

These awards shall be paid out of the fund created by the settlement of this action.[8]

Next, the Court turns to the Motion for Allowance of Additional Payment to Plaintiff Blumberg (Doc. # 224). In this motion, Plaintiff Blumberg seeks the payment of $10,000 beyond his *pro rata* of the settlement fund. In his memorandum in support of his motion (Doc. # 225), Plaintiff contends that he is entitled to an additional payment because he has fulfilled the function of a "private attorney general" and that without his efforts and without the obligations he undertook, such as extensive personal liability for litigation expenses and the cost of notifying the members of the class, the settlement fund would not have been created.

Defendant disclaims any interest in this request because the aggregate amount of claims and attorneys' fees sought will not exceed the amount of the settlement fund. *See* Doc. # 226.

Under the present circumstances, the Court is unwilling to order an additional award to Plaintiff Blumberg. While the Court is not unmindful of the importance of the role played by persons, such as Plaintiff Blumberg, who initiate actions such as the present which result in class-wide relief, the Court will not further reduce the prorated shares of the members of the class. The risks that Plaintiff Blumberg incurred by initiating this action are ameliorated because counsel undertook this case on a contingent fee basis and because the common fund doctrine allows for the sharing of all costs of litigation.

Therefore, the Court hereby overrules the Motion for Allowance of Additional Payment to Plaintiff Blumberg (Doc. # 224). However, the Court will allow Plaintiff Blumberg to resubmit this application if, after payment of attorneys' fees and costs, as awarded herein, and the satisfaction of all claims, in accordance with the settlement agreement, there is a residual amount in the settlement fund. If such an application is made, it must be supported with an affidavit which sets forth the specific risks that Plaintiff incurred by initiating this action.

---

8. Nothing in this Decision and Entry, awarding less in attorneys' fees than requested by counsel, is meant to impugn either the professional competence or the high ethical standards and integrity of the attorneys involved. Even though the settlement agreement stipulated that a fee of $1½ million would not have sparked an objection from the Defendants herein, this Court nonetheless feels duty-bound to review and to scrutinize every fee application that crosses its desk.