798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CARROLL HUBBARD FOR GOVERNOR COMMITTEE, Carroll Hubbard and
Tilden Lanny Combs, Plaintiffs-Appellants,
v.
Austin MANN, A. Dale Bryant, L.M. Tipton Reed, Individually
and as Members of the Kentucky Registry of Election Finance,
the Office of the Attorney General of the Commonwealth of
Kentucky and any Successor in Office to any of the
Foregoing, Defendants-Appellees.
 No. 85-5752.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and JOINER, Senior District Judge*.
 PER CURIAM.
 
 
 1
 This is an appeal from an Order entered by the District Court for the Western District of Kentucky denying the plaintiffs attorney's fees and costs requested under 42 U.S.C. Sec. 1988, For the reasons that follow, we reverse and remand to the district court.
 
 I.
 
 2
 On August 28, 1979, plaintiffs brought a civil rights action under 42 U.S.C. Sec. 1983, alleging that defendants violated their First and Fourteenth Amendment rights. On September 26, 1979, a hearing was held on plaintiffs' motion for preliminary injunctive relief. The district court denied the motion on abstention grounds, Carroll Hubbard for Governor Committee v. Kentucky Registry of Election Finance, 477 F.Supp. 184 (W.D.Ky.1979), and plaintiffs appealed to this court. On appeal we reversed and remanded, 663 F.2d 1070 (6th Cir.1981) (unpublished opinion), and in an Order entered December 30, 1982, the district court granted the requested injunctive relief. Defendants did not appeal.
 
 
 3
 Approximately seven months later, on July 20, 1983, plaintiffs filed a Motion for Award of Attorney's Fees under 42 U.S.C. Sec. 1988. Almost two years later, in a memorandum entered July 9, 1985, the district court held that the "Commonwealth's Attorneys and the Attorney General are ... cloaked with immunity and no award for attorney's fees may be had against them." App. at 179. With regard to the Kentucky Registry of Election Finance, the district court held that, since an award of attorney's fees would of necessity come from the general funds of the Commonwealth, the Eleventh Amendment protections as discussed in Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347 (1974), proscribe such an award. App. at 180. Accordingly, the district court denied the motion.
 
 II.
 
 4
 On appeal plaintiffs rely on Hutto v. Finney, 427 U.S. 678, 98 S.Ct. 2565 (1978), and argue that the Eleventh Amendment does not bar an attorney's fee award under 42 U.S.C. Sec. 1988. Defendants agree with this argument but, based on recent decisions of this court, attack the district court's decision and Order entered December 30, 1982. Defendants assert that since the district court's decision on the merits was wrong, the court had no subject matter jurisdiction, and, therefore, the denial of attorney's fees should be affirmed.
 
 
 5
 Defendants' argument on this issue, more fully stated, is as follows. Defendants point out that the general rule is that the Eleventh Amendment is a jurisdictional bar to actions brought against states in federal courts. However, defendants note that an exception to this rule is that "when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, ..." Pennhurst State School & Hospital v. Halderman, o 465 U.S. 89, 102-03, 104 S.Ct. 900, 909 (1984).
 
 
 6
 Thus, defendants recognize that the Eleventh Amendment is not a bar, as for example in the instant case, to the grant of an injunction prohibiting state officials from violating plaintiffs' due process rights in the future. Rather, defendants' attack is on the district court's decision on the merits. That is, defendants argue that a subsequent decision by this court, Naegele Outdoor Advertising Co. v. Moulton, 773 F.2d 692 (6th Cir.1985), cert. denied, 54 U.S.L.W 3697 (U.S. April 22, 1986) (No. 85-1419), shows that the district court's decision finding a due process violation (i.e., the decision entered December 30, 1982) was erroneous.
 
 
 7
 Therefore, defendants' argument is that since there was no due process violation, the district court could not grant prospective relief. Thus, according to defendants' theory, since the district court could not grant prospective relief, the Eleventh Amendment was a jurisdictional bar to the action against defendants in their official capacities. Finally, defendants assert that since there could be no relief against the Commonwealth or its officials on the merits, there can be no award of attorney's fees under 42 U.S.C. Sec. 1988.
 
 III.
 
 8
 We begin our review of this issue by noting that Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that "notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from...." "This 30-day time limit is 'mandatory and jurisdictional.' " Browder v. Director, Department of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 561 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 288 (1960) ).
 
 
 9
 In the instant case, defendants attempt to attack the jurisdiction of the district court by attacking the merits of the December 30, 1982, Order. Defendants' attack is clearly untimely. See, e.g., Morgan v. Union Metal Manufacturing, 757 F.2d 792 (6th Cir.1985); International Association of Bridge Workers' Local Union 75 v. Madison Industries, Inc., 733 F.2d 656, 657-59 (9th Cir.1984); Smillie v. Park Chemical Co., 710 F.2d 271, 273-74 (6th Cir.1983). Thus, this court is without jurisdiction to review the December 30, 1982, decision.
 
 III.
 
 10
 Defendants concede that plaintiffs prevailed below and that the Eleventh Amendment is no bar to the award of attorney's fees under 42 U.S.C. Sec. 1988. Accordingly, the case is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation