**REDSHAW CREDIT CORPORATION,**

v.

**David DIAMOND, Mark Slater and Sunbelt Insurance Group, Inc.,**

v.

**REDSHAW, INC.**

**No. CIV–1–86–304.**

United States District Court,
E.D. Tennessee, S.D.

April 20, 1988.

David B. Kesler, Chattanooga, Tenn., for plaintiff.

Thomas E. Ray, and Marvin Berke, Chattanooga, Tenn., for defendants.

## MEMORANDUM AND ORDER

EDGAR, District Judge.

Presently before the Court is the motion of the plaintiff Redshaw Credit Corporation

(hereinafter "Redshaw") to alter or amend the judgment of this Court entered on February 5, 1988, after a jury verdict was returned in favor of Redshaw. Redshaw's motion is made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for the purpose of including an award for attorneys' fees pursuant to the contractual agreements between the parties.

### Factual Background

This case was tried before a six-person jury commencing on February 1, 1988, resulting in a jury verdict in favor of the plaintiff Redshaw on February 4, 1988. The jury verdict assessed damages against the defendants in the sum of $51,660 for breach of two different contracts. Subsequent to entry of the judgment on February 5, 1988, Redshaw filed its motion to alter or amend the judgment, as well as a petition for attorneys' fees with supporting documentation and affidavits.

In its motion, Redshaw states that the jury's damage award in favor of Redshaw failed to include an amount for attorneys' fees, which Redshaw asserts it is entitled to recover under the terms of the contracts between the parties which were the subject of the litigation. Redshaw relies on the jury's special verdict form, claiming that the jury found the defendants bound by the lease and maintenance agreements and the guaranty agreement, all of which contained provisions for the awarding of reasonable attorneys' fees in the event that legal steps were required to collect the amounts due under those agreements. Redshaw further notes that all those agreements were properly entered into the record for the jury to consider, and that Redshaw demanded the award in the final pretrial order However, as counsel for the defendants has pointed out, Redshaw failed to submit any proof to the jury regarding reasonable attorneys' fees, even though such a demand was made by Redshaw in paragraph 4 of its complaint and the final pretrial order. It is the defendant's position that Redshaw waived its claim for attorneys' fees when it failed to offer specific proof on the subject to the jury.

### Legal Discussion

■ The Court has considered Redshaw's motion to alter or amend the judgment to include attorneys' fees made pursuant to Rule 59(e). In light of the Supreme Court's decision in *White v. New Hampshire Dept. of Empl. Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), and Sixth Circuit opinions construing *White*, the Court finds that the better approach, and the one this Court adopts in this case is to treat Redshaw's motion as one for attorneys' fees instead of a motion to alter or amend the judgment. As the *White* Court quoted with approval:

> "[A] motion for attorneys' fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e)." *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir.1980).

Despite the fact that the *White* case arose within the context of a 42 U.S.C. § 1988 statutory claim for attorneys' fees, the Court of Appeals for the Sixth Circuit has held that the analysis applied by the *White* Court "applies to questions of attorneys fees generally, not just to fees requested under § 1988." *Smillie v. Park Chemical Co.*, 710 F.2d 271, 274 (6th Cir.1983). Other courts have agreed. *Id.* at 274 (citations omitted).

■ As earlier noted, defendants Diamond, Slater and Sunbelt argue that Redshaw waived its claim for attorneys' fees by its failure to present proof on the issue to the jury. In addition, the defendants claim a Seventh Amendment right to have a jury determine their liability for attorneys' fees and pass upon the reasonableness of the amounts claimed by Redshaw.

In its analysis, the Court is governed by the principle that "[t]he right to a jury trial in the federal courts is a matter of federal law even in cases where jurisdiction rests upon diversity of citizenship." *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963).

As the parties state in their legal memoranda, there seems to be very little guidance in the case law regarding the precise situation presented here. Nevertheless, the Court believes that the better analysis results in a finding that the determination of attorneys' fees is not properly a jury question where the prevailing party's right to collect the fees arises from a private contract provision. *See In re Itel Securities Litigation*, 596 F.Supp. 226, 232 n. 7 (N.D.Cal.1984); *A.G. Becker–Kipnis & Co. v. Letterman Commodities, Inc.*, 553 F.Supp. 118 (N.D.Ill.1982). *But cf. F.H. Krear & Co. v. Nineteen Named Trustees*, 776 F.2d 1563 (2d Cir.1985) (holding parties have a right to a jury trial on issue of attorney fees under certain circumstances).[1]

The Court is persuaded by the analysis which relies on the distinction drawn between actions "at law" and in "equity" for purposes of Seventh Amendment jury trial analysis. *See Ross v. Bernhard*, 369 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). Generally, it is held that the Seventh Amendment applies to actions which are of a legal nature, as opposed to those seeking a remedy in equity. As the *Ross* Court found, "the 'legal' nature of an issue is determined by considering, first, the premerger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries." *Ross v. Bernhard*, 396 U.S. at 538 n. 10, 90 S.Ct. at 738 n. 10. In this case, the Court is persuaded that a consideration of these factors leads to a finding that the award of attorneys' fees is for the Court.

Attorney fees and costs have been traditionally viewed as a determination to be made by the courts. Merely because an attorneys' fees claim can be quantified monetarily does not mean that it is "legal" relief. Finally, it would be impractical to require the parties to submit evidence on attorney fees before the end of the trial and resultant necessary legal services. *See A.G. Becker–Kipnis & Co. v. Letterman Commodities, Inc.*, 553 F.Supp. 118, 123–124.

Despite the fact that Redshaw did include a claim for attorneys' fees in its complaint and again in the final pretrial order, the Court finds that Redshaw's claim for an award of fees pursuant to the terms of the various agreements between the parties is not one that can be said to be on the "merits" for purposes of the present issue. In the context of finality, the issue has arisen as to whether a judgment on the merits is final for purposes of appeal where the amount of attorneys' fees was not finally decided by the trier of fact. *See Memphis Sheraton Corp. v. Kirkley*, 614 F.2d 131 (6th Cir.1980). Although this issue presents a question procedurally different from the one before this Court, court decisions in this line of cases provide helpful analysis. It is clear that the courts of this circuit consider the issue of awarding attorneys' fees to be "collateral" to a decision on the merits. "An award of attorneys' fees is collateral to a decision on the merits, but a determination of the amount of attorneys' fees is not collateral to a determination of liability for attorneys' fees." *Morgan v. Union Metal Mfg.*, 757 F.2d 792, 795 (6th Cir.1985). It has thus been determined that the issues of liability for attorneys' fees and the reasonableness

---

1. The Court has reviewed the *Krear* case, but is unpersuaded by its results for several reasons. First, despite the statement in *Krear*, a breach of contract case, that a jury right is available to determine the issue of liability for attorneys' fees, the case cited in support of the proposition is itself a case in which the issue of fees arose in the context of a 42 U.S.C. § 1983 action. In the cited case, *Gargiulo v. Delsole*, 769 F.2d 77 (2d Cir.1985), the court of appeals reversed the district court's denial of a jury trial to the section 1983 plaintiff on all issues.

The issue of attorneys' fees was not specifically addressed. Second, the analysis of the *Krear* court seems inconsistent in that it first discounts the Supreme Court's decision in *White* (cited *supra*), a statutory fees case, as "inapposite" to cases "where attorneys' fees are a contractually stipulated element of damages," but then relies on the *Gargiulo* case, also a statutory fees case, for its determination that a jury right is available to the parties on the fees issue. Finally, the issue of a jury right on the fees claim in *Krear* arose in the context of a "finality" determination for appeals purposes.

of any such award should be addressed separate from liability on the merits.

In this case, the jury specifically found the agreements between these parties to be valid and enforceable, as evidenced by the special jury interrogatories and the jury having awarded Redshaw an amount in damages for breach of those agreements. It is now for the Court to determine the issue of liability for attorneys' fees, if any, and the reasonable amount recoverable therefor.

The Court has reviewed each of the material documents that make up the complete contractual agreement between Redshaw and the defendants and is satisfied that the parties intended by their execution of those contract documents to provide for the recovery of attorneys' fees in the event of default by the defendant lessees.[2] Therefore, the Court finds that the defendants are liable for the reasonable attorneys' fees incurred by Redshaw in prosecuting the claim for damages as a result of the defendants' default on their contractual obligations. This finding is based on the jury verdict, the judgment entered by this Court and the terms contained in the documents that formed the agreement between these parties.

The Court notes that Redshaw has filed a petition for attorneys' fees, together with supporting documents, seeking attorneys' fees in the amount of $57,495.09. The defendants will be given fifteen (15) days from the entry of this memorandum and order to make any submissions they desire with respect to the amount of those fees. The Court will then, upon consideration of all these submissions, enter an order granting Redshaw's motion for attorneys' fees and award such fees to Redshaw in the appropriate amount.

SO ORDERED.

---

2. Specifically, the Court has reviewed trial exhibits 5, 6, 8, 13 and 17 and finds that these documents sufficiently support Redshaw's claim for attorneys' fees incurred upon the defendants' default.