Joseph G. CHAMBERS, Plaintiff,

v.

BRIGGS & STRATTON CORPORATION,
Defendant.

No. 94–C–1037.

United States District Court,
E.D. Wisconsin.

May 1, 1995.

Davis, Cowell & Bowe by Richard McCracken, San Francisco, CA, Perry, Lerner & Quindel by Barbara Zack Quindel, Milwaukee, WI, for plaintiff.

Quarles & Brady by Michael J. Spector, Bruce R. Bauer, Walter J. Skipper, Milwaukee, WI, for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, Joseph G. Chambers, a shareholder of 17 shares of stock in the defendant corporation, Briggs & Stratton Corporation, commenced this action for declaratory and injunctive relief on September 14, 1994. Presently before the court are motions for summary judgment filed by each side. A portion of the plaintiff's motion for summary judgment will be dismissed as moot, and the remainder will be denied. The defendant's motion for summary judgment will be granted.

## I. UNDISPUTED FACTS

In advance of the defendant's annual meeting of October 19, 1994, the defendant issued a "Notice of Annual Meeting of Shareholders," a "Proxy Statement" and a "form of proxy." One of the items of business identified both in the proxy statement and in the notice of the annual meeting was the election

of directors. At this time, three of the nine seats on the defendant's board of directors were up for election.

While the proxy statement identified the three candidates put forth as nominees by the current directors, it omitted the name of William P. Dixon—a candidate purportedly nominated by Mr. Chambers pursuant to Article II, Section 2.01 of the defendant's by-laws. Mr. Dixon is a lawyer who has formerly served as Commissioner of Banking of Wisconsin, Chief of Staff to United States Senator Gary Hart and United States Alternative Executive Director to the World Bank.

Under Article II, Section 2.01, of the defendant's bylaws, a shareholder must comply with the following requirements in order to properly nominate a candidate to the board of directors: (1) provide written notice to the secretary no later than 90 days before the anniversary date of the annual meeting of shareholders in the immediately preceding year; (2) represent in the notice that the nominator is a shareholder of record and will remain so throughout the date of the meeting; (3) state the nominator's name and address and the class and number of shares held by that person; (4) represent that the nominator intends to appear in person or by proxy at the meeting to make such nomination; (5) identify the name and address of the nominee and disclose the nature of any agreements or understandings, if any, between the nominator and the nominee; (6) provide the written consent of the nominee to serve as a director if so elected. It is undisputed that Mr. Chambers complied with these requirements.

Notwithstanding the fact that Mr. Dixon had been properly nominated in accordance with Article II, Section 2.01, his name was not included in the proxy statement or the form of proxy that was mailed to the shareholders by the defendant on or about September 9, 1994.

Along with his complaint, Mr. Chambers filed a "Motion for Temporary Restraining Order/Preliminary Injunction." Mr. Chambers' motion sought an order voiding the defendant's September 9, 1994, proxy solicitation and requiring the defendant to issue a supplemental proxy statement and form of proxy identifying Mr. Dixon as a candidate for director. The basis for Mr. Chambers' complaint and his motion for injunctive relief was his contention that the defendant's failure to identify Mr. Dixon as a nominee in its proxy materials rendered the proxy materials materially false and misleading under the regulations of the Securities and Exchange Commission ["SEC"], namely, 17 C.F.R. § 240.14a–9.

Subsequent to the filing of this lawsuit, the Wisconsin Coalition for Responsible Investment ["WCRI"], an entity financially backed by the United Paperworkers International Union Local 7232 ["Union"], disseminated proxy materials to some of the defendant's shareholders in support of Mr. Dixon's candidacy. Mr. Chambers is the treasurer of the Union. Mr. Chambers' counsel, Richard G. McCracken, also represents the WCRI.

The court entertained the plaintiff's motion, which was treated by consent of the parties as one for a preliminary injunction, at a hearing on September 27, 1994. On October 3, 1994, the court issued a decision and order in which it determined that Mr. Chambers had proved all of the elements necessary for the issuance of a preliminary injunction including a likelihood of succeeding on the merits of his claim that the defendant's failure to identify Mr. Dixon as a candidate in its *proxy statement* violated the SEC regulations. As a result, the court granted Mr. Chambers' motion for a preliminary injunction, in part. *Chambers v. Briggs & Stratton Corporation*, 863 F.Supp. 900 (E.D.Wis.1994). Specifically, the order directed the defendant to

> issue and disseminate a supplemental proxy statement which identifies William P. Dixon as a nominee for its board of directors to each of its shareholders who had been sent the defendant's initial proxy statement.... The proxy statement shall also include a brief description of Mr. Dixon....

*Id.,* at 908. In addition, the court ruled that "no proxy solicited by Briggs & Stratton Corporation prior to October 1, 1994, shall be voted at the annual meeting of its shareholders scheduled for October 19, 1994." *Id.*

However, distinguishing the proxy statement from the form of proxy, the court denied Mr. Chambers' request to require the defendant to issue and disseminate a revised **form of proxy** to each shareholder who had been sent the initial solicitation by the defendant. *Id.*

In compliance with the court's order, the defendant issued a supplemental proxy statement which identified Mr. Dixon as a nominee for its board of directors and provided the shareholders with Mr. Dixon's biographical information. The defendant's annual meeting took place as scheduled on October 19, 1994, as did the election for the board of directors. Based on the election, Mr. Dixon received 163,938 votes; each of the defendant's three nominees received over 7,500,-000.

Notwithstanding the defendant's compliance with the court's order of October 3, 1994, and the results of the October 19, 1994, election, Mr. Chambers, via his motion for summary judgment, asks the court to award him additional relief. Namely, Mr. Chambers requests a permanent injunction ordering the defendant to include reference to Mr. Dixon's candidacy—or the candidacy of any other person nominated by him in accordance with the defendant's bylaws—in the defendant's proxy statement and form of proxy for future annual meetings. On December 30, 1994, the defendant filed its own motion for summary judgment seeking dismissal of the plaintiff's complaint.

## II. LEGAL STANDARD

In his motion for summary judgment the plaintiff asks for the following relief:

[A] Court order declaring that Briggs & Stratton Corporation should have listed William P. Dixon as a candidate on its 1994 proxy solicitation and form of proxy and a permanent injunction requiring Briggs & Stratton to include Dixon, or any other candidate declared in accordance with its bylaws, in its proxy solicitation and on its form of proxy for future annual meetings.

■ A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgment as a matter of law. Rule 56(c),

Federal Rules of Civil Procedure. In order to succeed on a motion for summary judgment, the movant must show the following: (1) no genuine issue of material fact exists; and (2) its entitlement to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Only "genuine" issues of "material" fact will defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

As defined by the United States Supreme Court, "material" facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A dispute over such facts is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

Having reviewed the proposed findings of fact filed by the parties in compliance with Local Rule 6.05(a), I find that there are no genuine issues of material fact. Hence, insofar as the parties have filed cross-motions for summary judgment, I am left to determine whether either party is entitled to judgment as a matter of law.

## III. REQUEST FOR DECLARATORY JUDGMENT

■ The plaintiff asks the court to issue an order declaring that Briggs & Stratton should have listed Mr. Dixon as a candidate on its 1994 "proxy solicitation" (or as previously referred to by the court—proxy statement) and form of proxy. By order of October 3, 1994, the court directed Briggs & Stratton to issue and disseminate a supplemental proxy statement which identified Mr. Dixon as a nominee for its board of directors to its shareholders who were being solicited. It is undisputed that despite the original omission Briggs & Stratton subsequently listed Mr. Dixon as a candidate on its 1994 proxy statement in full compliance with the court's order. I deem the plaintiff's request that the court declare that Briggs & Stratton should have listed Mr. Dixon as a candidate on its 1994 proxy statement to be now moot.

The second part of Mr. Chambers' request for declaratory relief asks the court to declare that Mr. Dixon should have been identified on the defendant's 1994 form of proxy. In my October 3, 1994, decision and order, I determined that Mr. Chambers had not met his burden of demonstrating that he had some likelihood of succeeding on the merits of his claim that the omission of Mr. Dixon's name from the form of proxy was a violation of the SEC regulations; in particular, Rule 14a–9, 17 C.F.R. § 240.14a–9, which relates to material omissions. Mr. Chambers' request for declaratory relief invites the court to revisit this issue.

In support of his request for declaratory relief, Mr. Chambers does not renew his argument that Rule 14a–9 requires the identification of Mr. Dixon as a candidate for the defendant's board of directors on the defendant's form of proxy. Rather, he advances an entirely new argument: that Rule 14a–4, 17 C.F.R. § 240.14a–4, which details the requirements of a form of proxy, expressly obligates the defendant to list Mr. Dixon as a candidate on its form of proxy. In particular, Mr. Chambers points to the first sentence of Rule 14a–4(b)(2): "A form of proxy which provides for the election of directors shall set forth the names of persons nominated for election as directors."

As Mr. Chambers reads it, the plain language of Rule 14a–4(b)(2) obligates a soliciting party to include the names of *all* nominees in its form of proxy—its own nominees as well as any opposition candidates. I disagree.

Mr. Chambers cites no authority to support such a broad reading of Rule 14a–4(b)(2), nor has the court found any. Mr. Chambers' argument is also disingenuous insofar as the form of proxy mailed to shareholders by the WCRI (of which Mr. Chambers is treasurer) on behalf of Mr. Dixon did not comply with Mr. Chambers' current reading of Rule 14a–4(b)(2); WCRI's form of proxy contained only the name of Mr. Dixon and omitted any reference to the defendant's three nominees.

Moreover, Mr. Chambers' interpretation of Rule 14a–4(b)(2) runs counter to the conclusions regarding the fundamental purpose of a form of proxy set forth in my decision and order of October 3, 1994:

> A *form of proxy,* when executed by a shareholder, provides to the party soliciting the proxy authority to act for the shareholder. In the context of an election contest, the soliciting party is seeking authority to vote the shareholder's shares in a manner favorable to the soliciting party. In other words, the soliciting party wants the shareholder's authority to vote for its own candidate; the soliciting party does not seek the authority to vote for the opposition's candidate.

*Chambers,* 863 F.Supp. at 905.

In the absence of any cogent evidence to warrant a contrary position, I will persist in my finding that the SEC regulations do not require Briggs & Stratton to include the plaintiff's candidate for the defendant's board of directors on its form of proxy. Mr. Chambers' request for a declaration to the contrary will be denied.

### IV. REQUEST FOR PERMANENT INJUNCTION

A party seeking injunctive relief has the burden to show that the particular relief requested is actually needed. In other words "[t]he necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897–98, 97 L.Ed. 1303 (1953). As stated by the court of appeals for the seventh circuit, the moving party must show a "reasonable likelihood of future violations in order to obtain relief." *U.S. v. Kaun,* 827 F.2d 1144, 1148 (7th Cir. 1987).

As stated previously, Mr. Chambers requests a permanent injunction "requiring Briggs & Stratton to include Dixon, or any other candidate declared in accordance with its bylaws, in its proxy solicitation and on its form of proxy for future annual meetings." Because I have rejected Mr. Chambers' argument that the defendant's failure to include his candidate on its form of proxy violates the SEC regulations, the portion of

his request for a permanent injunction requiring the defendant to include his candidate on its form of proxy in connection with future annual meetings will be summarily denied.

■ Mr. Chambers also seeks a permanent injunction requiring the defendant to include his candidate in its future proxy statements. I do not believe Mr. Chambers is entitled to this equitable relief.

Assuming the merit of the plaintiff's claim that the defendant's original failure to have included Mr. Dixon's name in its proxy statement violated the SEC regulations, Mr. Chambers must also establish that such a violation will likely occur in the future in order to obtain prospective injunctive relief. Necessary to such a showing is proof that there is at least a reasonable likelihood that Mr. Chambers will properly nominate Mr. Dixon—or some other candidate—for the defendant's board of directors at a future annual meeting *and* that the defendant will refuse to identify such candidate in its proxy statement.

A review of the evidence offered by Mr. Chambers demonstrates that he has fallen short of his burden. Mr. Dixon states in his affidavit that he is "seriously considering running for election to the Briggs & Stratton board again next year." Dixon Aff. at ¶ 1. Mr. Chambers attests that "If Mr. William P. Dixon is willing to stand for election for the Company's board again next year, I am planning to nominate him once again. If Dixon is not willing to run, I plan to nominate another qualified candidate." Chambers Aff. at ¶ 4.

Although the relative number of votes obtained by Mr. Dixon at the October 19, 1994, election would not seem to provoke any wild optimism for success at the 1995 annual meeting, Mr. Dixon is entitled to seek election, if nominated. But what is there in this record to suggest that Briggs & Stratton would fail to identify him in a future proxy statement? The parties concede that when this issue was first presented to the court via the plaintiff's motion for a preliminary injunction, it was one of first impression; thus it cannot be said that the defendant knowingly refused to comply with the law. In the absence of any evidence to the contrary, I believe that the defendant's full compliance with the court's order of October 3, 1994, negates any inference that the defendant would commit a future violation.

Accordingly, the portion of Mr. Chambers' motion for summary judgment seeking a permanent injunction requiring the defendant to name his candidate in its proxy statement will be denied. In view of the above, the court will grant the defendant's motion for summary judgment and will dismiss the plaintiff's action. The plaintiff having prevailed on a substantial aspect of his motion for a preliminary injunction, I will deny all costs on the present motions.

### ORDER

Therefore, IT IS ORDERED that the portion of the plaintiff's motion for summary judgment seeking a declaration that the defendant should have listed Mr. Dixon as a candidate in its 1994 proxy statement be and hereby is dismissed as moot.

IT IS ALSO ORDERED that the portion of the plaintiff's motion for summary judgment seeking a declaration that the defendant should have listed Mr. Dixon as a candidate on its 1994 form of proxy be and hereby is denied.

IT IS FURTHER ORDERED that the portion of the plaintiff's motion for summary judgment requesting a permanent injunction requiring the defendant to include Mr. Dixon or any other candidate nominated in accordance with the defendant's bylaws, in its proxy statement and on its form of proxy be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed, with prejudice.

IT IS FURTHER ORDERED that each party shall bear its own costs in connection with these motions.