June 2, 1995

**Joseph G. CHAMBERS, Plaintiff,**

**v.**

**BRIGGS & STRATTON CORPORATION, Defendant.**

**No. 94–C–1037.**

United States District Court, E.D. Wisconsin.

June 22, 1995.

Perry, Lerner & Quindel by Barbara Zack Quindel, Milwaukee, WI, Waupun, WI, Davis, Cowell & Bowe by Richard G. McCracken, San Francisco, CA, for plaintiff.

Quarles & Brady by Michael J. Spector, Bruce Bauer and Walter J. Skipper, Milwaukee, WI, for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, Joseph G. Chambers, a shareholder of 17 shares of stock in the defendant corporation, Briggs & Stratton Corporation, commenced this action for declaratory and injunctive relief on September 14, 1994. Presently before the court is the plaintiff's motion for attorney's fees. The plaintiff's motion will be denied.

## I. BACKGROUND

The facts underlying this litigation have been thoroughly recited in two previous decisions by this court, *see Chambers v. Briggs & Stratton Corporation*, 883 F.Supp. 374 (E.D.Wis.1995); *Chambers v. Briggs & Stratton Corporation*, 863 F.Supp. 900 (E.D.Wis. 1994); thus, only the procedural background of this case will be discussed in this decision and order. In summary, on September 14, 1994, Mr. Chambers filed a "Motion for Temporary Restraining Order/Preliminary Injunction," with his complaint in which he sought an order voiding the defendant's September 9, 1994, proxy solicitation and requiring the defendant to issue a supplemental proxy statement *and* form of proxy identifying William P. Dixon as a candidate for director in advance of the defendant's October 19, 1994, annual meeting. The basis for Mr. Chambers' request for injunctive relief was his contention that the defendant's failure to identify Mr. Dixon as a nominee in its proxy materials rendered those materials materially false and misleading under § 14(a) of the Securities Exchange Act, 15 U.S.C. § 78n(a) and the regulations of the Securities and Exchange Commission ["SEC"], namely, 17 C.F.R. § 240.14a–9.

The court entertained the plaintiff's motion, which was treated by consent of the parties as one for a preliminary injunction, at a hearing on September 27, 1994. On October 3, 1994, the court issued a decision and order in which it determined that Mr. Chambers had proved all of the elements necessary for the issuance of a preliminary injunction, including a likelihood of succeeding on the merits of his claim that the defendant's failure to identify Mr. Dixon as a candidate in its **proxy statement** violated the SEC regulations. As a result, the court granted Mr. Chambers' motion for a preliminary injunction, in part. *Chambers*, 863 F.Supp. 900. Specifically, the order directed the defendant to

issue and disseminate a supplemental **proxy statement** which identifies William P. Dixon as a nominee for its board of directors to each of its shareholders who had been sent the defendant's initial proxy statement.... The proxy statement shall also include a brief description of Mr. Dixon.... (Emphasis added)

*Id.*, at 908. In addition, the court ruled that "no proxy solicited by Briggs & Stratton Corporation prior to October 1, 1994, shall be voted at the annual meeting of its shareholders scheduled for October 19, 1994." *Id.* However, the court denied Mr. Chambers' request to require the defendant to issue and disseminate a revised **form of proxy** (as opposed to the proxy statement) to each shareholder who had been sent the initial solicitation by the defendant. *Id.*

In compliance with the court's order, the defendant issued a supplemental proxy statement which identified Mr. Dixon as a nominee for its board of directors and provided the shareholders with a brief statement setting forth Mr. Dixon's biographical information. The defendant's annual meeting took place as scheduled on October 19, 1994, as did the election for the board of directors. Based on the election, Mr. Dixon received 163,938 votes; each of the defendant's three nominees received over 7,500,000.

Notwithstanding the defendant's compliance with the court's order of October 3, 1994, and the results of the October 19, 1994, election, Mr. Chambers filed a motion for summary judgment, demanding a declaratory judgment and a permanent injunction. On December 30, 1994, the defendant filed its own motion for summary judgment seeking dismissal of the plaintiff's complaint.

By decision and order of May 1, 1995, the court dismissed, as moot, the portion of the plaintiff's motion for summary judgment seeking a declaration that the defendant should have listed Mr. Dixon as a candidate in its 1994 proxy statement. In addition, the court denied the plaintiff's demand for a declaration that the defendant should have listed Mr. Dixon as a candidate on its 1994 form of proxy and his request for a permanent injunction requiring the defendant to include Mr. Dixon or any other candidate nominated in accordance with the defendant's bylaws, in its future proxy statements and on its future forms of proxy. I granted the defendant's motion for summary judgment and dismissed the plaintiff's action, with prejudice. *Briggs*, 883 F.Supp. at 374.

## II. Legal Standard

 The plaintiff's request for attorney's fees in this case is based upon the substantial benefit doctrine. This court-created doctrine permits reimbursement of attorney's fees where the litigation has conferred a substantial benefit on the members of an ascertainable class. *Mills v. Electric Auto–Lite Co.*, 396 U.S. 375, 393–94, 90 S.Ct. 616, 626, 24 L.Ed.2d 593 (1970). In *Mills*, the Supreme Court acknowledged the equitable nature of the substantial benefit doctrine and held that, if it is not otherwise inequitable to do so, a court may award attorney's fees under this doctrine when the plaintiff in a derivative suit establishes a violation of § 14(a) of the Securities Exchange Act. *See also Smillie v. Park Chemical Co.*, 710 F.2d 271, 275 (6th Cir.1983).

 The rationale underlying the Supreme Court's decision is that successful derivative actions provide an important means of enforcement of shareholders' rights under the proxy statute such that the corresponding litigation expenses should be imposed on the class that has benefited from the action. *Mills*, 396 U.S. at 396–97, 90 S.Ct. at 627–28. The propriety of awarding attorney's fees in actions under § 14(a) is within the discretion of the district judge. *Smillie*, 710 F.2d at 275.

 Mr. Chambers argues that he is entitled to recover the attorney's fees he incurred in obtaining the preliminary injunction because his action conferred a substantial benefit upon all of the shareholders insofar as it led the company to disclose in its proxy materials that there was actual opposition to management's chosen slate of directors. On the other hand, the defendant insists that an award is not warranted because the temporary relief obtained by Mr. Chambers via his motion for a preliminary injunction was merely technical as it had no practical effect on corporate suffrage.

In my opinion, an award of attorney's fees is not appropriate in this case. While Mr. Chambers was somewhat successful in obtaining the preliminary relief he describes, his motion for a preliminary injunction was only partially effective. Mr. Chambers' request for fees ignores the fact that his claim that the defendant was obligated to include Mr. Dixon's name on its form of proxy— arguably the more meaningful claim—was rejected at the preliminary injunction stage. Thus, it cannot fairly be said that the shareholders substantially benefited from the preliminary injunction proceeding as a whole.

Under these circumstances, I believe it would be inequitable and inconsistent with the rationale underlying the substantial benefit doctrine for me to impose on the corporation the expenses that Mr. Chambers incurred in connection with his motion for a preliminary injunction. The better exercise of my discretion warrants denying the plaintiff's motion for attorney's fees.

Therefore, IT IS ORDERED that the plaintiff's motion for attorney's fees be and hereby is denied.