Calvin HOLLOWELL, Plaintiff,

v.

Carroll L. GRAVETT, et al.,
Defendants.

Nos. LR–C–86–183, LR–C–86–337
and LR–C–86–600.

United States District Court,
E.D. Arkansas, W.D.

Aug. 24, 1989.

Horace Walker and John W. Walker, Little Rock, Ark., for plaintiff.

Robert Jackson, Ivester, Henry, Skinner & Camp, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

Pending before the Court are the applications for attorney's fees and costs of Horace A. Walker, Esq., and John W. Walker, Esq., counsel for plaintiff. These civil rights actions were settled during the course of trial pursuant to a Settlement Agreement dated November 1, 1988, approved by the Court on November 2, 1988. According to the terms of the Settlement Agreement, plaintiff was recognized as the prevailing party pursuant to 42 U.S.C. §§ 1988 and 2000e et seq.

## ATTORNEY'S FEES

Horace A. Walker requests an award of attorney's fees in the amount of $104,215.00 and costs of $1,305.00. John W. Walker requests an award of attorney's fees in the amount of $107,375.00. While defendants agree that counsel are entitled to reasonable fees, they object to the amounts requested, particularly counsel's request for a premium hourly rate and an enhancement based on contingency.

■ Section 1988 provides that the Court, "in its discretion, may allow ... a reasonable attorney's fee ..." "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). This amount is referred to as the "lodestar" amount. Prevailing plaintiffs are not entitled to compensation for those hours claimed that were not "reasonably expended." Id. In addition, the Court must consider whether the requested fees are reasonable. "Reasonable fees" in federal civil rights actions are to be calculated according to the prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). The burden is on the applicant to produce satisfactory evidence by attorneys of reasonable comparable skill, expertise and reputation.

In assessing whether the hours expended by counsel were actually and reasonably spent, the Court has carefully scrutinized all the submissions of plaintiff's counsel.

A brief review of the procedural history is necessary before discussing the claims of counsel. On April 6, 1986, plaintiff through retained counsel Horace W. Walker filed suit in federal court against defendant Gravett alleging violation of his constitutional rights to procedural due process in that Gravett did not provide plaintiff with a pretermination hearing. Plaintiff further alleged that Gravett discriminated against him on the basis of his race in terminating him. This action was docketed as LR–C–86–183.

On June 17, 1986, plaintiff filed a pro se complaint against Gravett, five Civil Service Commissioners, the county attorney and the attorney for the county sheriff, alleging violation of his constitutional right to procedural due process. This action was docketed as LR–C–86–337.

Plaintiff filed another pro se complaint on October 8, 1986, against the same individuals as those in LR–C–86–337, and added a number of other county and law enforcement officials. Plaintiff alleged violations of Title VII and of his constitutional right to equal protection. This case was docketed as LR–C–86–600.

The cases were eventually assigned to the Honorable Andrew W. Bogue, Senior Judge, United States District Court, South Dakota. By order entered October 14, 1987, Judge Bogue recommended that plaintiff apply for court-appointed counsel in LR–C–86–337 and 600. On November 16, 1987, pursuant to plaintiff's request, Judge Bogue appointed Marie Bernard–Miller, Esq. to represent plaintiff. Miller's request to withdraw was granted and Roy Gene Sanders was appointed by order entered January 13, 1988, to represent plaintiff in LR–C–86–337 and 600. The record in these cases reveals that Horace Walker continued to represent plaintiff on LR–C–86–183, while either plaintiff or Sanders prosecuted LR–C–86–337 and 600.

The cases were reassigned to the undersigned on April 4, 1988. On October 14, 1988, the Court granted plaintiff's motion to dismiss Sanders in the latter two cases. The Court, by order dated October 21, 1988, appointed Horace Walker and John Walker to represent plaintiff in LR–C–86–337 and 600. A jury trial commenced on October 24, 1988. After a week of trial, the parties settled.

## HORACE W. WALKER

### 1. Time Claimed

■ Horace Walker claims 571.4 hours. The Court is persuaded that the number of hours is excessive for the work produced. The Court notes that Mr. Walker was retained counsel for the first case, LR–C–86–183. According to both Walker and plaintiff, Walker did not take any action on LR–C–86–337 or LR–C–86–600 until he was appointed on October 21, 1988. The file reflects very little action taken by Mr. Walker in LR–C–86–183. The majority of dispositive motions for summary judgment were filed in the latter two cases.[1] Nevertheless, Walker claims nearly 400 hours of work on LR–C–86–183 prior to October 21, 1988.

A review of Walker's hours prior to October 21, 1988, reveals excessive time spent on matters which should not take much time for counsel experienced in civil rights matters. For example, Walker claims 30.6 hours of meetings, legal research and review of certain documents prior to even drafting the complaint. He claims 1.2 hours to review defendant's answer and counterclaim and 3.5 hours to draft a reply to the counterclaim. Walker claims 10.5 hours to draft discovery requests. From March 6, 1987 to March 10, 1987, Walker claims 24.20 hours to prepare for depositions and to organize his file.

Walker also claims time for numerous telephone conversations and meetings with plaintiff and witnesses, as well as time for travelling to the courthouse to file documents. The file in LR–C–86–183 just does not reflect an excessive amount of work done by Walker. The case involved a basic procedural due process and Title VII claim, in which experienced counsel should not have had to expend hundreds of hours prior to trial.

Walker also claims about 136 hours for work since his appointment. The Court notes that John Walker, appointed at the same time, had the role of lead counsel at trial. While both attorneys worked long and hard during trial (see discussion of claim by John Walker, *infra*), the Court is of the opinion that a number of hours claimed by Horace Walker post October 21, 1988, is duplicative of services performed by John Walker or excessive.

The Court finds that the time claimed by Walker is excessive and not reasonable and accordingly reduces the hours claimed to 230.

### 2. Hourly Rate

Walker requests an hourly rate of $95.00. In support of his request he has submitted a number of affidavits of attorneys of reasonable comparable skill, expertise and reputation. The Court finds that Walker has met his burden of establishing that the requested rate of $95.00 is reasonable.

## JOHN W. WALKER

### 1. Time Claimed

■ Walker claims 150 hours for his work from October 21, 1988, when he was appointed until the submission his fee application. The Court notes that Walker was appointed on the eve of trial and had to familiarize himself with the cases as well as prepare for trial as the trial itself was occurring. The Court is persuaded that his claim of 15 hour work days during trial is entirely reasonable.

Defendants do not really contest the number of hours claimed by Walker although they correctly note that Walker has two entries of 15.0 hours for October 24,

---

1. Motions for summary judgment or to dismiss were filed by almost all defendants in LR–C–86–337 or 600. These motions were responded to by plaintiff or Sanders. The only motions filed in LR–C–86–183 were for a continuance, to amend the complaint and to take Gravett's video evidentiary deposition.

1988. The Court reduces the hours claimed by 15, and finds that 135 hours were reasonably expended.

### 2. Hourly Rate

Walker asks for an hourly rate of $165.00. Defendant proposes that Walker be awarded an hourly rate of $130.00 in keeping with a fee award of Judge Eisele in an earlier case.

Walker has submitted affidavits in support of his requested rate. The Court finds that Walker has met his burden of demonstrating that the rate is reasonable and in line with the prevailing market rate in the relevant community. Accordingly, the Court finds that Walker is entitled to an hourly rate of $165.00.

### 3. Premium Rate

Walker also requests a "premium" rate of $330.00 per hour based on the emergency circumstances of the case.

■ Enhancements of the "lodestar" amount made on the basis of superior quality of representation are available only in "rare" or "exceptional" cases. *McKenzie v. Kennickell,* 875 F.2d 330, 338 (D.C.Cir. 1989). The special skill and experience of counsel, the quality of representation, the results obtained from the litigation are presumably fully reflected in the lodestar amount. The court may "justify an upward adjustment only in the rare cases where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in the light of the hourly rates charged and that the success was "exceptional." *Blum v. Stenson,* 104 S.Ct. at 1549.

■ The Court finds that this is the rare case where an enhancement is justified. Walker was appointed on Friday, October 21, 1988 to represent plaintiff in a jury trial set for Monday, October 24, 1988. At the time of the appointment, the Court informed Walker that no continuances would be granted and that Walker was to be prepared for trial.

Walker took the case "blind", without any real familiarity with the facts of the case. In a short period of time, Walker acquainted himself with the complexities of the case, reviewed extensive documentation, interviewed witnesses, and prepared for trial. The "emergency" circumstances of the case, and Walker's superb representation under the most adverse circumstances justify an enhancement. Furthermore, an enhancement is warranted based on the "exceptional results" plaintiff obtained. Plaintiff, through his affidavit, stated that he believed the result he obtained in the case had a value of approximately one million dollars. Plaintiff obtained a settlement of $150,000.00, was reinstated and promoted from sergeant to lieutenant.

The Court finds that Walker has presented specific evidence demonstrating that he is entitled to an enhancement of 75 percent based on the "exceptional results" in the case and his superior quality of performance. *See Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 106 S.Ct. 3088, 3099, 92 L.Ed.2d 439 (1986) (*Delaware Valley I*). Accordingly, the lodestar is adjusted upward by seventy-five percent.

### CONTINGENCY ENHANCEMENT

■ Counsel also request an enhancement for the contingency nature of race discrimination cases as a class. John Walker requests an enhancement of 2.5 times the amount for prejudgment time; Horace Walker requests an enhancement of 2.0 times the prejudgment amount.

The Supreme Court in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (*Delaware Valley II*) addressed the standard for contingency enhancements under fee-shifting statutes. A plurality of four justices contended that contingency enhancements should be reserved for exceptional cases. Justice O'Connor, in a controlling opinion, concluded that "Congress did not intend to foreclose consideration of contingency in setting a reasonable fee under fee-shifting provisions". 107 S.Ct. at 3089. In contrast to the four dissenters, who would increase

an attorney's fee award to compensate for the fact of contingency itself, Justice O'Connor would enhance a lodestar for contingency only if the applicant could establish that (1) "without an adjustment for risk the prevailing party 'would have faced substantial difficulties in finding counsel in the local or other relevant market'" and (2) contingency cases as a class are treated differently in the relevant market. Justice O'Connor's requirements have been accepted as the effective legal standard for contingency enhancements. *Jenkins by AGYEI v. Missouri*, 838 F.2d 260, 267–8 (8th Cir.1988), *affirmed on other grounds*, *Missouri v. Jenkins*, — U.S. —, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

Counsel have submitted numerous affidavits in support of their request for a contingency enhancement. They have established that contingency cases as a class are generally compensated differently, that is at a higher rate, from noncontingency cases. Counsel have also submitted affidavits from a number of attorneys in the area stating that they have reduced their civil rights practice because of the failure of courts to adjust for contingency.

The Court finds, however, the plaintiff has not established that he would not have been able to attract competent local counsel in light of the risk of loss. In his affidavit, plaintiff states that he initially approached John W. Walker about representing him. Walker would not represent him in part because of the economic disincentive. Plaintiff then approached five other attorneys who refused to take his case. There is no evidence that these other attorneys refused to represent plaintiff because of the risk of loss.

While the number of attorneys who are willing to take race discrimination cases may be decreasing, the Court is not persuaded that there were a dearth of competent civil rights attorneys in 1986 when plaintiff was seeking representation. This was an individual race discrimination case and the risks associated with delay and failure were not as great as a more complex individual case or a class action.

In sum, the Court finds that an enhancement for contingency is not warranted under the circumstances.

### COSTS

 Plaintiff also requests reimbursement for costs and expenses in the amount of $1,305.35. The Court finds that plaintiff's request for $489.80 for word processing services must be disallowed as an expense. *See Evans v. Fuller*, 94 F.R.D. 311 (W.D.Ark.1982). The Court finds that all other costs were reasonably expended.

### SUMMARY

In sum, Horace A. Walker is hereby granted an attorney's fee for 230 hours at the rate of $95.00 per hour for a total fee of $21,850.00 plus $815.55 in costs. John W. Walker is hereby granted an attorney's fee for 135 hours at the rate of $165.00 per hour for a "lodestar" amount of $22,275.00. As discussed above, this amount is enhanced by 75% for a total fee of $38,981.25.

Accordingly, the total amount of fees and costs due plaintiff is $61,646.80.

IT IS SO ORDERED.