Deborah **BROTHERTON,**
et al., Plaintiffs,

v.

**Frank P. CLEVELAND, M.D.,**
et al., Defendants.

No. C–1–89–105, C–1–90–111.

United States District Court,
S.D. Ohio,
Western Division.

Feb. 21, 2001.

John Henry Metz, Cincinnati, OH, for Deborah S. Brotherton, Melissa Brotherton, and Carrie Brotheron.

John Joseph Arnold, Hamilton County Prosecuting Attorney, Cincinnati, OH, David Todd Stevenson, Hamilton County Prosecuter, Civil Unit, Cincinnati, OH, Philip Lewis Zorn, Jr., Assistant Prosecuting Attorney, Cincinnati, OH, Carl Joseph Stich, Jr., Chief Assistant Prosecuting Attorney, Cincinnati, OH, for Frank P. Cleveland.

Philip Lewis Zorn, Jr., Assistant Prosecuting Attorney, Cincinnati, OH, for Joseph M. Decourcy, and Norman A. Murdock.

Christopher R. Carville, Rendigs, Fry Kiely & Dennis, Cincinnati, OH, Stephen

Allison Bailey, Martin, Bailey & Mac-Donald, Cincinnati, OH, for Eye Bank Association.

Christopher R. Carville, Rendigs, Fry Kiely & Dennis, Cincinnati, OH, Harry John Finke, IV, Graydon, Head & Ritchey, Cincinnati, OH, Stephen Allison Bailey, Martin, Bailey & MacDonald, Cincinnati, OH, for Cincinnati Eye Bank.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Class Counsel's Petition for Attorney's Fees (doc. 372) and Class Counsel's Petition for Incentive Award for Deborah Brotherton (doc. 379). Defendants did not file a Response in this matter.

The facts of this case are set forth in *Brotherton v. Cleveland*, 173 F.3d 552, 555–57 (6th Cir.1999). In addition, the Court recently addressed the issue proposed settlement in an Order of this Court.

Class Counsel in this case seeks in this case and reimbursement for costs and expenses. Specifically, Class Counsel seeks fees totaling $1,000,000, as well as $50,824.44 to reimburse class counsel for his out of pocket expenses. Defendants do not oppose Class Counsel's Application.

## I. Class Counsel's Out of Pocket Expenses

In Its Application, Class Counsel requests that this Court award reimbursement for their out of pocket expenses in the amount of $50,824.44 (doc. 372). No objection has been filed challenging this amount. Furthermore, Defendant does not dispute this amount. Having reviewed the materials submitted in the record, the Court does not find this amount objectionable. Therefore, the Court concludes that Class Counsel is entitled to reimbursement for its out-of-pocket expenses in the amount of $50,824.44, to be paid immediately.

## II. Class Counsel's Fees

The next issue before the Court is whether to approve Class Counsel's application for attorneys' fees. The Proposed Settlement provides that:

> Plaintiffs' Class Counsel will move the Court to award reasonable attorney fees, to reimburse Plaintiffs' Class Counsel for litigation expenses and for incentive awards to appropriate class members. Any attorney fees or expenses for the Plaintiffs' Class Counsel will be paid out of the Settlement Fund, and will be subject to Court approval prior to determination of amounts payable to the claimants.

(doc. 366).

The resolution of this case resulted in a fund, comprised of $5.25 million, for the common benefit of the settlement class. Class Counsel are not seeking a fee award pursuant to 42 U.S.C. § 1988, which authorizes the court to grant a fee award to a prevailing party in an action to enforce a provision of 42 U.S.C. § 1983. They have, in essence, waived their right to seek attorneys' fees pursuant to § 1988 by settling all Plaintiffs' claims with Defendants.

■ Rather, the source of the fee award more closely resembles the award of fees in "common fund" cases.[1] The "common

---

1. The "common fund" doctrine often comes into play where there has not been a previous agreement that the attorneys' fees will come from the common settlement fund. *See e.g., Enterprise Energy Corp.,* 137 F.R.D. at 248; *In re Dun,* 130 F.R.D. at 372. The slight difference in this case is that the Parties already agreed that Class Counsel are entitled to a fee award coming from the "common fund." Because the interests of the class members with respect to the amount of the attorneys' fees are the same here as in these other com-

fund doctrine" provides that "a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). It is premised upon the principle "that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched at the successful litigant's expense." *Id.* Thus, the issue before the Court is to decide the amount of the reasonable fee to which Class Counsel are entitled.

## A. Fee awards in a common fund case

█ Determining an award of attorneys' fees in a common fund case requires that the court consider factors which are not present in statutory fee shifting cases, such as under § 1988.[2] *Rawlings v. Prudential–Bache Properties, Inc.,* 9 F.3d 513, 516 (6th Cir.1993). The Sixth Circuit explained why this is so:

> The interest of class counsel in obtaining fees is adverse to the interest of the class in obtaining recovery because the fees come out of the common fund set up for the benefit of the class. In addition there is often no one to argue for the interests of the class (that their recovery should not be unfairly reduced), since it is to be expected that class members with small individual stakes in the outcome will not file objections, and the defendant who contributed to the fund will usually have scant interest in how

the fund is divided between the plaintiffs and class counsel. *Id.*

█ In order to deal with these concerns, some courts have adopted the percentage of the fund method in such common fund cases, and others have recognized that under some circumstances the lodestar method is appropriate. *Id.* at 515–16 (citations omitted). The lodestar method involves a calculation of "the number of hours worked, multiplied by a certain hourly rate, and typically further multiplied by a 'multiplier' to account for the cost and risk inherent in advancing fees, the complexity of the case, and the size of the recovery." *Newberg on Class Actions, supra,* at § 12.55; *see also Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The preferred method in common fund cases has been to award a reasonable percentage of the fund. *Bowling v. Pfizer,* 922 F.Supp. 1261, 1278–79 (S.D.Ohio 1996), *aff'd,* 102 F.3d 777 (6th Cir.1996) (citations omitted) (citing a report by the Task Force appointed by the Third Circuit to evaluate the effectiveness of the lodestar method in making fee awards and summarizing the report's stated deficiencies of the lodestar method); *cf. Newberg on Class Actions, supra,* at § 12.55 (stating lodestar is the prevailing method of determining attorney's fees in common fund class actions over the past twenty years but also noting the recent criticism of the method). Typically, the percentage awarded ranges from 20 to 50 percent of the common fund created.

mon fund cases, we analyze the fee award here under that doctrine.

**2.** Section § 1988 provides that "the court, in its discretion, may allow the prevailing party, ..., a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Section 1988

utilizes the "lodestar" method in arriving at a reasonable fee; a reasonable fee is calculated by multiplying the number of hours reasonably worked by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*In re Cincinnati Gas & Electric Co. Securities Litigation*, 643 F.Supp. 148, 150 (S.D.Ohio 1986). Each method has its respective advantages and disadvantages. *See Bowling*, 922 F.Supp. at 1278–79. "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved." *Rawlings*, 9 F.3d at 516.

▮ All the Sixth Circuit requires is that the award of attorneys' fees in common fund cases must be reasonable under the circumstances. *Rawlings*, 9 F.3d at 516; *Smillie v. Park Chemical Co.*, 710 F.2d 271, 275 (6th Cir.1983). Thus, district courts have the discretion "to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Rawlings*, 9 F.3d at 516 (affirming district court's use of the lodestar method); *cf. Bowling*, 102 F.3d 777, 780 (6th Cir.1996) (affirming district court's methodology which based the fee award on a percentage of the fund and then cross-checked the fee against class counsel's lodestar). At bottom, the court must ensure that class counsel are fairly compensated for the amount of work done as well as the results achieved. *Rawlings*, 9 F.3d at 516. Moreover, the court must provide a concise, clear explanation of the reasoning for adopting a particular methodology and the factors considered at arriving at the fee. *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933; *Rawlings*, 9 F.3d at 516.

▮ The Court recognizes that it has a choice in which of the two methods it adopts to determine the reasonable fee award. For the following reasons, the Court deems it reasonable to use the lodestar method for determining the fee award here. This case did not settle early on in the proceedings but rather after eleven years of extensive work by Class Counsel. Although the case had not yet proceeded to trial at the time of settlement, Class Counsel's participation in the Summary Jury Trial required almost as much preparation as the actual trial would have. Class Counsel has already reasonably calculated his "lodestar" hours to account for any duplication of work by his staff, which in turn conserves judicial resources in scrutinizing the application. Finally, in civil rights actions under § 1983, such as this one, the Court usually utilizes the lodestar method for determining a fee award under § 1988.

## B. Calculating class counsel's fee award

Class Counsel requests an award of attorneys' fees in the amount of at least $1 million and an award of expenses in the amount of $50,824.44 (doc. 372).

▮ The Sixth Circuit has clearly delineated the factors relevant to an award of attorneys' fees from a common fund established for the benefit of a class. *Smillie*, 710 F.2d at 275; *see also Enterprise Energy Corp.*, 137 F.R.D. at 248–49. Those considerations include:

(1) the value of the benefit rendered to the class; (2) society's stake in rewarding the attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of all counsel.

*Enterprise Energy Corp.*, 137 F.R.D. at 248–49.

As we have already discussed in connection with approving the Settlement, Class Counsel have rendered a significant bene-

fit to the members of the class. This case was not an encouraging one. Several attorneys turned down the named Plaintiff before Mr. Metz accepted this case. Although it was not immediately evident, this case proved to vindicate a civil rights violation suffered by the Plaintiffs.

■ Class Counsel has provided a detailed listing of his hours for the Court's review. After reviewing the approximately 2400 hours presented, the Court determines that they represent a fair and appropriate amount of time to devote to such a complex litigation. Indeed, if anything, the Court questions whether Class Counsel was too conservative in the logging of his time. Class Counsel has presented evidence that other attorneys in this area receive compensation in the range of $250 to $300 dollars per hour. The Court does not consider this amount to be unreasonable. The Court should also note that there were no objections to the amount when it was presented to the Class at the February 1, 2001 fairness hearing.

The value of the services rendered by Class Counsel, or the "lodestar figure," amounts to $672,000. This amount is comprised of the 2400 hours worked by Class Counsel at the rate of $280 per hour. Class Counsel has summarized the basic lodestar for each of the attorneys, paralegals and law clerks who have worked on this case. (doc. 366). Class Counsel has attested to his qualifications and experience litigating civil rights and class action cases. (*Id.*). Also, Class Counsel has supported his requested hourly rate with a statement that the rate is based on examination of similar awards to comparable attorneys. *Id.* Billing judgment was exercised at the time the work was performed and entered onto the time sheets, so the time sheets do not reflect all the time expended for a particular service. *Id.* The

discounted lodestar amounts to $672,000.00.

This, however, does not end our analysis. The United States Supreme Court has held that in certain circumstances, Class Counsel is entitled to an upward adjustment of the lodestar amount. *See Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). According to *Blum,* it must be demonstrated that "1)the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged" and 2) the success was "exceptional." *Id.* at 889, 104 S.Ct. 1541.

Courts have awarded these enhancements in varying amounts depending on the circumstances of an individual case. *Shakman v. Democratic Organization,* 677 F.Supp. 933, 945 (N.D.Ill.1987) (awarding a one third quality enhancement in a class action where the court noted the case had great significance and plaintiffs' counsel showed "imagination and creativity"); *McKenzie v. Kennickell,* 875 F.2d 330, 338–39 (D.C.Cir.1989) (awarding 25% enhancement for exceptional results and where counsel "remained active in the litigation over a period of 15 years"); *Hollowell v. Gravett,* 723 F.Supp. 107, 110 (E.D.Ark.1989) (awarding 75% quality enhancement where plaintiff's counsel prepared the case thoroughly and provided superb representation "under the most adverse circumstances."). The United States Supreme Court has also held that a court may properly consider enhancement for contingency or risk on the part of Class Counsel in advancing both the costs of litigation and the fees of the attorneys' in involved the litigation. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987).

The Court considers an upward adjustment to be in order in this case. As has

been discussed above, this case has involved 11 years of contentious litigation. Class Counsel has consistently demonstrated his ability and dedication to seeing this litigation to its conclusion. In addition, this case was not a particularly popular cause and was indeed, one in which a number of attorneys declined to participate. Class Counsel's performance is particularly impressive in that his is a one-attorney firm. Furthermore, Class Counsel had a contingency agreement with the Plaintiffs which would only entitle him to compensation for over a decade of work if he were successful in obtaining relief for his clients. Finally, the reward in this case was exceptional. Class Counsel took a case with compelling facts, but scant case-law and brought to light a previously unrecognized cause of action. In that respect, the success was exceptional. Class Counsel's representation was in every respect superior to that one would expect in light of the hourly rates charged. Therefore, the Court will award a upward adjustment to the lodestar amount of 50%.

The Court has carefully reviewed the hourly rates and the total number of hours billed by Class Counsel. We find that the hourly rates are reasonable given the expertise of Class Counsel in this type of litigation.

The time sheets submitted and the record in this case amply demonstrate that this litigation involved complex factual and legal issues, which were vigorously defended by all counsel.

The Court also notes that the requested amount represents approximately 20% of the total amount of the common fund. Even if one analyzed the fee award in terms of a percentage of the common fund, the requested award of $1.0 million is still within the lower range of reasonableness, which has been designated as between twenty to fifty percent of the common

fund. *See In re Cincinnati Gas & Electric Co. Securities Litigation,* 643 F.Supp. at 150.

Finally, although we have stated this earlier, it bears repeating: Class Counsel, Counsel for the Defendants Hamilton County, Cincinnati Eye Bank, and Eye Bank Association of America have exercised the highest degree of skill, dedication, and professionalism in this matter. Indeed, both the class members as well as Defendants were well-served by the representation of their counsel.

At $280 dollars an hour, Class Counsel is entitled to $672,000 for his 2400 hours of work dedicated to this litigation. When this is combined with a fifty percent enhancement, the total fees comes out to $1,008,000.

The Court has reviewed all the submissions in connection with this fee application. The Court heard from both Class Counsel and counsel for Defendants and afforded any objectors to the fee application an opportunity to be heard at the hearing on February 1, 2001. In light of our consideration of the above factors, we find that the requested fee award of $1,008,000 is reasonable and appropriate.

### III. Incentive Award

 In addition, Class Counsel has requested that this Court provide an incentive award to Deborah Brotherton for her work in this litigation. Courts may grant incentive awards as a class action expense to particular members of the class. *Thornton v. East Texas Motor Freight,* 497 F.2d 416, 420 (6th Cir.1974). These awards vary in amount depending upon the circumstances. *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 250–51 (S.D.Ohio 1991) (awarding $50,000 to each class representative); *In re Dun & Bradstreet Customer Litigation,* 130 F.R.D. 366, 373–74

(S.D.Ohio 1990) (awarding two class $55,000 each and three class representatives $35,000 each); *In re SmithKline Beckman Corp. Securities Litigation,* 751 F.Supp. 525 (E.D.Pa.1990) (awarding $5000 to each class representative).

Ms. Brotherton has been instrumental in bringing this lawsuit forward. She has performed numerous tasks in association with this litigation. She, along with class counsel estimate that she has spent approximately 800 hours working on this litigation. Therefore, the Court finds her request for an incentive award well taken. Accordingly, the Court hereby grants Ms. Brotherton an incentive award in this case in the amount of fifty thousand dollars ($50,000).

## IV. Conclusion

Accordingly, for the reasons stated above the Court hereby GRANTS Plaintiffs' Motion for Attorney's Fees (doc. 372). Furthermore, the Court also GRANTS Plaintiffs' Motion for Incentive Award (doc. 379).

SO ORDERED.