COLE, Circuit Judge,
dissenting.
I dissent from the majority’s conclusion that the district court abused its discretion by finding (1) the settlement in the instant case fair, reasonable, and adequate under Rule 23; and (2) the named plaintiffs to be adequate representatives despite the incentive payments.
We cannot evaluate a settlement’s fairness without “weighing the plaintiffs likelihood of success on the merits against the amount and form of the relief offered in the settlement.” Int’l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp., 497 F.3d 615, 631 (6th Cir.2007). In fact, this is the most important of the seven factors that we are supposed to consider in reviewing the fairness of a settlement. Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC, 636 F.3d 235, 245 (6th Cir.2011).
Although the relief offered to the unnamed class members may not be worth much, their claims appear to be worth even less. Nobody disputes that the class’s claims in this case had little to no merit. In the absence of this settlement, class members would almost certainly have gotten nothing. And even with the settlement, unnamed class members remain free to try their luck, as the settlement preserves their right to sue for personal injury and actual damages caused by Dry Max diapers. Thus, the concern that plaintiffs’ counsel “bargained away” some valuable “interest” is misplaced. A very different settlement would likely be before us if the Commission’s investigation had not exculpated Dry Max diapers.
The majority does not apply this Court’s established multi-factor tests for settlement fairness and the reasonableness of fee awards. See UAW, 497 F.3d at 631; Moulton v. U.S. Steel Corp., 581 F.3d 344, 352 (6th Cir.2009). Instead, the majority fashions a new test based largely on dicta from other circuits: if the fee award looks like “preferential treatment” compared to the class relief, then the settlement is unfair. I do not believe this test accords with circuit precedent or reaches the correct result in the present case.
I also do not agree that the named plaintiffs in this case were inadequate class representatives merely because the incentive payment might have made them whole. Radcliffe is inapposite because the “patent divergence of interests” therein was created primarily by the conditioning of the incentive awards on named plaintiffs’ support for the settlement. See 715 F.3d at 1161 (“These conditional incentive awards caused the interests of the class representatives to diverge.... ”). The fact that the incentive awards exceeded the amount that absent class members received was merely icing on the cake. See id. (“Moreover, the conditional incentive awards significantly exceeded ...” (emphasis added)).
This Court has acknowledged that “there may be circumstances where incentive, awards are appropriate.” Hadix v. Johnson, 322 F.3d 895, 898 (6th Cir.2003). The “conventional argument” for class action lawsuits is that the majority of class members’ claims would not otherwise be worth bringing. See Tardiff v. Knox Cnty., 365 F.3d 1, 7 (1st Cir.2004) (citation omitted). Where claims are worth very little, as in this case, even a recovery in the full amount may not be enough to induce anyone to serve as a named plaintiff. The district court did not abuse its discretion in crediting the named plaintiffs’ claims that they have spent significant time “assisting] in gathering facts, in contacting medical professionals and obtaining medi *724 cal records, reviewing pleadings, preparing initial disclosures, and considering settlement terms.” Cf. Brotherton v. Cleveland, 141 F.Supp.2d 907, 913-14 (S.D.Ohio 2001) (approving a $50,000 incentive payment to a named plaintiff for “working on this litigation”).
Accordingly, I dissent.